UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JONES and D'SHAWN
JONES,

            Plaintiffs,          Hon: Matthew F. Leitman

v.                                Case No: 21-10441

FLORA BLANDING, BAILEY
RUMSCHLAG, PAUL SWEPPY,
JAMES DEMPS, and CITY OF
DETROIT, a Municipal Corporation,
Jointly and Severally,

            Defendants.

_____

| FRANK K. RHODES, III (P-24119) | MICHAEL M. MULLER (P-38070) |
|---|---|
| Attorney for plaintiffs | Attorney for City of Detroit |
| 19080 West Ten Mile Road | 2 Woodward Avenue, Suite 500 |
| Southfield, MI 48075 | Detroit, MI 48226 |
| (248) 350-0110 | (313)-237-5052 |
| FKRhodes49@gmail.com | mullm@detroitmi.gov |

_____

**ANSWER TO COMPLAINT ON BEHALF OF**
**LYNN MOORE AND ADAM SKLARSKI**

    NOW COME defendants, City of Detroit, Flora Blanding, Paul Sweppy, and James Demps, and in Answer to plaintiff's complaint, state as follows:

1.    Answering this paragraph, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

2.    Answering this paragraph, defendants admit the allegations therein.

3. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

4. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

5. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

6. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

7. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

8. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

9. Answering this paragraph, defendants deny the allegations contained therein for the reason defendants' duties are governed law and not the allegations of plaintiffs' complaint and defendants breached no duties owed.

10. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

11. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

12. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

13. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

14. Answering this paragraph, defendants deny the allegations contained therein for the reason the same are inaccurate and/or untrue.

WHEREFORE, defendants, City of Detroit, Flora Blanding, Paul Sweppy, and James Demps, respectfully request this honorable court enter Judgment of No Cause for Action, and award attorney fees and costs so wrongfully incurred.

Respectfully submitted,

Dated: February 26, 2021

/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
**Senior Assistant Corporation Counsel**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5052

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in the above captioned matter.

Dated: February 26, 2021

/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
**Senior Assistant Corporation Counsel**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5052

## SPECIAL AND AFFIRMATIVE DEFENSES

1. These defendants are protected from liability on the plaintiffs' claims by governmental immunity. Defendant officers acted in good faith, without malice, within the scope of their employment, and were performing discretionary functions. As such, defendant officers are immune as to all state intentional torts.

2. Plaintiff has failed to state a claim against defendant upon which relief can be granted.

3. Any injury suffered by the plaintiff was proximately caused by his own conduct and/or the conduct of third parties.

4. Plaintiff failed to mitigate his damages.

5. Plaintiff's claims are barred, in whole or in part, by the lapsing of the applicable statute(s) of limitations.

6. Defendant City did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in plaintiff's complaint, nor did any such alleged customs, policies and/or procedures originate from a decision maker with final policy making authority. Further, defendant did not ratify, accept and/otherwise condone any constitutional violations alleged in plaintiff's complaint. Finally, defendant did not act with deliberate indifference as to known or obvious consequences with respect to the activities alleged in plaintiff's complaint and/or as

to any constitutional violations, nor is there any widespread practice of constitutional violations and/or failure to take corrective action regarding the same.

7.     At all relevant times defendant officers acted with objective good faith and therefore have qualified immunity from liability on plaintiff's claims.

8.     The arrest of the plaintiff was supported by probable cause, exigent circumstances and/or a valid warrant.

9.     Plaintiff's malicious prosecution claim fails because there was probable cause for plaintiff's arrest and prosecution.  Further, defendants made full and fair disclosure to the APA.  Defendants did not knowingly make false statements or knowingly swear to false facts in order to obtain a warrant and/or otherwise manufacture probable cause.  Moreover, any inaccuracies in defendants' statements used to request the warrant were not material to the issue of probable cause, and their elimination from the statements would not negative probable cause.  Finally, defendants did not instigate prosecution for a purpose other than to bring plaintiff to justice, nor did they make, influence or participate in the decision to prosecute plaintiff.

10.    Plaintiff has no viable 14th Amendment claims arising out of claims for false arrest, malicious prosecution and excessive force brought under the Federal Civil Rights Act (42 USC §1983) as they must be brought under the 4th Amendment Pursuant *Albright v. Oliver*, 510 U.S. 266; 127 L.Ed2d 114; 114 S.Ct. 807 (1994);

*Spurlock v. Satterfield*, 167 F.3d 995, 1006 (6th Cir. 1996).

11. To the extent, if any, that this defendant or anyone acting at the direction of or in concert with this defendant used force against the plaintiff, each such use of force was privileged and lawful because the force was reasonably applied in the execution of a lawful arrest, in the lawful performance of other police duties or in self defense.

12. Defendants did not implicitly authorize, approve or knowingly acquiesce in unconstitutional conduct of any type. In addition, defendants neither encouraged the specific incident of alleged misconduct, nor did defendants directly participate in alleged misconduct in any fashion. Further, defendants possessed no information revealing a strong likelihood that other defendant officers engaged in unconstitutional conduct, nor did defendants have the opportunity to prevent any alleged unconstitutional conduct.

13. Plaintiff has failed to allege that defendant's conduct in support of §1985 conspiracy to deprive was motivated by discriminatory animus. In addition, plaintiffs claims are barred by the corporate conspiracy doctrine, and further, are not pled with sufficient specificity.

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendants in the above captioned matter, by and through counsel, reserve the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court. Further, defendants do not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
**Senior Assistant Corporation Counsel**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5052

Dated: February 26, 2021

# DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LARRY JONES and D'SHAWN JONES,**

        Plaintiffs,        Hon: Matthew F. Leitman

v.        Case No: 21-10441

**FLORA BLANDING, BAILEY RUMSCHLAG, PAUL SWEPPY, JAMES DEMPS, and CITY OF DETROIT, a Municipal Corporation, Jointly and Severally,**

        Defendants.

| **FRANK K. RHODES, III (P-24119)** | **MICHAEL M. MULLER (P-38070)** |
|---|---|
| Attorney for plaintiffs | Attorney for City of Detroit |
| 19080 West Ten Mile Road | 2 Woodward Avenue, Suite 500 |
| Southfield, MI 48075 | Detroit, MI 48226 |
| (248) 350-0110 | (313)-237-5052 |
| FKRhodes49@gmail.com | mullm@detroitmi.gov |

## PROOF OF SERVICE

    I hereby certify that on February 26, 2021, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.

                                    **/s/Michael M. Muller**