UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JONES, *et al.*,

    Plaintiffs,

v.

CITY OF DETROIT, *et al.*,

    Defendants.

Case No. 21-cv-10441
Hon. Matthew F. Leitman

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 10)

In this action, Plaintiffs Larry and D'Shawn Jones bring civil rights claims against the City of Detroit and City of Detroit police officers Flora Blanding, Bailey Rumschlag, Paul Sweppy, and James Demps (the "Individual Officer Defendants"). Plaintiffs' claims arise out of their (Plaintiffs') August 2019 arrests. Among other things, Plaintiffs claim that Blanding, "in ***conspiracy*** with the other [I]ndividual [Officer D]efendants[,] made and caused to be filed a false crime report alleging […] th[at] Plaintiffs entered her home without permission and Plaintiff Larry Jones assaulted her and her daughter." (Compl. at ¶ 4, ECF No. 1-1, PageID.6 (emphasis added).)

On October 7, 2021, the Individual Officer Defendants filed the instant motion for summary judgment on Plaintiffs' conspiracy claims. (*See* Mot., ECF No. 10.) In this motion, they argue that the intra-corporate conspiracy doctrine bars Plaintiffs'

1

conspiracy claims. (*See id.*) According to the Individual Officer Defendants, under this doctrine, "it is the general rule that the acts of the agent [of a corporation] are the acts of the corporation" and a "corporation cannot conspire with itself[.]" (*Id.*, PageID.171 (quoting *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 632 (W.D. Mich. 2015)).) In this case, the Individual Officer Defendants assert that: (1) Plaintiffs' conspiracy allegations pertain to actions taken by the Individual Officer Defendants while they were employed by the Detroit Police Department; (2) as employees of the Detroit Police Department, the Individual Officer Defendants were acting as agents of the Detroit Police Department; and (3) under the intra-corporate conspiracy doctrine, there can be no conspiracy liability where all the Individual Officer Defendants were acting as agents of the Detroit Police Department during the incident at issue. Thus, they argue that Plaintiffs' conspiracy claims fail as a matter of law.

The Court declines to grant summary judgment on Plaintiffs' conspiracy claims. It is not yet clear that all the Individual Officer Defendants were acting within their capacity as agents of the City of Detroit Police Department during the relevant time. For example, the police report filed in connection with Plaintiffs' arrests lists Blanding as the "victim" and describes her as "an ***off duty*** pregnant police officer[.]" (*See* Police Report, ECF No. 19-1, PageID.229 (emphasis added).) Thus, there is at least some evidence that Blanding was acting in her capacity as a

citizen – and not in her capacity as a Detroit Police Department employee – when she made the report at issue in this case. Accordingly, the Individual Officer Defendants have not demonstrated "that there is no genuine dispute" that all the Individual Officer Defendants were acting as agents of the Detroit Police Department in making the relevant police report. Fed. R. Civ. P. 56. The Court therefore concludes that the Individual Officer Defendants are not entitled to summary judgment on Plaintiffs' conspiracy claims. Their motion (ECF No. 10) is **DENIED**.

    **IT IS HEREBY ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
